# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-583V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| RODERICK RAMOS AND KELLY RAMOS, *<br>*on behalf of their minor son, T.R.,* | * * * * | Chief Special Master Corcoran |
| Petitioners, | * * | Filed: December 12, 2024 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Michael Firestone,* Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL ATTORNEY'S FEES AND COSTS[1]

On May 11, 2020, Roderick and Kelly Ramos filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition (ECF No. 1) at 1. Petitioners alleged that their son, T.R., developed intussusception after receiving a Rotavirus vaccine administered to him on October 19, 2017. *Id.* I dismissed the claim after the parties briefed their respective positions (ECF No. 45), and my decision was not appealed.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

Petitioners have now filed a motion for a final award of attorney's fees and costs (the sole fees request made in this case). Motion, dated November 26, 2024 (ECF No. 48) ("Fees Mot."). Petitioners request a total of $118,263.84, reflecting $104,284.86 in fees incurred for the services of the attorneys and paralegals at Marvin Firestone MD, JD & Associates, LLP ("Marvin Firestone"), and $13,978.98 in costs. Fees Mot. at 1. Respondent reacted to the final fees request on December 2, 2024. Response, dated December 2, 2024 (ECF No. 49) ("Response"). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Response at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioners' motion, awarding fees and costs in the total amount of **$107,663.77**.

## ANALYSIS

**I.    Petitioners' Claim had Reasonable Basis**

The Vaccine Act only guarantees a fees award to successful petitioners, but a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioners' claim was ultimately unsuccessful, I find that there was a sufficient objective basis to entitle them to a fees and costs award. Intussusception is included as a Table injury for the Rotavirus vaccine, and while Petitioners were ultimately unable to establish a medically acceptable timeframe for onset, the injury itself was not disputed. In addition, reasonable fact questions (via witness reports) were raised regarding the disputed onset issue. And Petitioners marshalled some treater support for the claim as well. Thus (and applying the exceedingly lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys, based on the years work was performed:

| **Attorney** | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|
| **Mr. Michael A. Firestone (Attorney)** | $300.10 | $311.20 | $365.00 | $381.43 | $425.00 | $446.25 |
| **Mr. Robert Turbow (Attorney)** | __ | __ | $400.00 | $418.00 | $435.00 | __ |
| **Mr. Timothy O'Hara (Attorney)** | __ | __ | $435.00 | $475.00 | $500.00 | |
| **Mr. Andrew Dibbern (Law Clerk)** | __ | __ | __ | $261.00 | __ | __ |
| **Ms. Meghan L. Shiner (Lawyer)** | __ | __ | $185.00 | __ | __ | __ |
| **Mr. Jeff Lewis (Attorney)** | __ | __ | __ | __ | $285.00 | $300.00 |
| **Ms. Jody Chan (Paralegal)** | __ | $150.00 | $150.00 | __ | __ | __ |
| **Mr. John Bellanca (Paralegal)** | __ | __ | __ | $180.00 | $180.00 | __ |
| **Ms. Patricia Barrick (Paralegal)** | __ | $225.00 | __ | __ | __ | $240.00 |

Fees Motion at 35-36.

Most of the requested rates for the attorneys and paralegals at Marvin Firestone have been previously awarded by other Special Masters. *See, e.g.*, *Yu v. Sec'y of Health & Hum. Servs.*, No. 21-2026V, 2024 WL 4432790 (Fed. Cl. Spec. Mstr. Aug. 21, 2024); *Gudaitis v. Sec'y of Health &*

4

*Hum. Servs.*, No. 17-1570V, 2023 WL 4638430 (Fed. Cl. Spec. Mstr. June 29, 2023). But the rates requested for some of the other attorneys who worked on this matter merit further discussion.

Mr. Robert Turbow has been licensed to practice law since 2000, giving him approximately 21 years of legal experience when he began work on this case in 2021, and placing him at the bottom of the tier of attorneys with 20-30 years of experience on the OSM Fee Schedule.[5] Fees Mot. at 14. This appears to be Mr. Turbow's second Vaccine Program case, and he was previously awarded a 2019 rate of $365.00. *Phillips v. Sec'y of Health & Hum. Servs.*, No. 16-906V, 2021 WL 2768362, at *3 (Fed. Cl. Spec. Mstr. May 26, 2021). Based on a review of the OSM Fee Schedule and the propriety of the 2019 rate awarded in *Phillips*, I find Mr. Turbow's requested rate increases for 2021-23 to be reasonable.

Mr. Lewis has been licensed to practice law since April 2023, and he began work on this case that same year – in June 2023. Lewis Affidavit, dated December 12, 2024 (ECF No. 52). Mr. Lewis's 2023-24 rates have not yet been determined, but he has requested rates close to the maximum amount an attorney with four years of experience or less would receive as set forth in the OSM Fee Schedules – $285.00 for 2023, and $300.00 for 2024. Fees Mot. at 4. But because Mr. Lewis is a new attorney with no Program experience, I will only approve the lowest rate in this range – $193.00 for 2023, and $204.00 for 2024. As a result, instead of awarding the requested total of $31,891.50 for the 111.90 hours Mr. Lewis worked on this matter in 2023, I will award $21,596.70, and $612.00 for the three hours worked in 2024. (Mr. Lewis may request a rate increase in a future matter for later years, after he has greater Vaccine Program experience).

Finally, the 2020 rate requested by Ms. Patricia Barrick ($225.00 per hour) has not been awarded previously. Instead, Ms. Barrick obtained compensation at the lower rate of $190.45 per hour for that same time period. *Gudaitis*, 2023 WL 4638430, at *2. Ms. Barrick's time will be compensated at this previously-adopted 2020 rate – meaning that instead of awarding $112.50 for the 0.5 hours she worked in 2020, I will award $95.23. But her requested increase in her 2024 rate ($240.00 per hour) is reasonable.

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[5] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited December 11, 2024).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $13,978.98 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with one expert, Hillel Janai, M.D. Fees Mot. at 33. Dr. Janai reviewed records and prepared two expert reports. He submitted an invoice for $10,750.00 (at an hourly rate of $500 for 26.5 hours of work), with an initial retainer fee of $2,500.00. *Id.* at 38-39. The costs associated with Dr. Janai's work are reasonable herein, and I find the amount of time billed by Dr. Janai to be reasonable as well. And the other requested costs are fair. Thus, all requested costs shall be awarded without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioners' Motion for Attorney's Fees and Costs and award a total of **$107,663.77** reflecting $93,684.79 in attorney's fees and $13,978.98 in costs in the form of a check made jointly payable to Petitioner and their attorneys at Marvin Firestone.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.